INZER, Justice:
This is an appeal by the dependents of Berverly Viner from a judgment of the Circuit Court of Bolivar County affirming an order of the Workmen’s Compensation Commission denying death benefits. We affirm.
The decedent Berverly Viner was employed by appellee West Implement Co., Inc. as a salesman of heavy farm equipment. He died about noon on July 6, 1966, in the East Bolivar Hospital as a result of a sudden coronary thrombosis. Claimants contend that Viner’s fatal heart attack was caused or contributed to by his work activity and allege that he was working under unusual pressure, that he suffered a heart attack on July 5, 1966, while working for his employer and that he continued to work while his heart attack was occurring. The employer-carrier controverted the claim and denied that Viner suffered a heart attack on July 5, 1966, and that his death was causally related to an accidental injury arising out of and in the course of his employment.
After lengthy and extended hearing the attorney referee found from conflicting evidence that the decedent did not suffer compensable injury on the date alleged within the scope of his employment and denied the claim for death benefits. Upon appeal to the full commission, the order of the attorney referee was affirmed.
Appellants prosecuted an appeal from the order of the commission to the circuit court and that court in its judgment affirming the order of the commission stated :
That the Court is unable to see from the record as a whole that the findings of the Commission are clearly erroneous, and the Court is of the opinion and so finds (1) that the findings of the Commission are supported by substantial evidence and (2) that the Order of the Commission affirming the opinion and order of the Attorney Referee does not contain prejudicial error.
That the Court does note for the benefit of the record that if the Court had served as the trier of the facts in this matter, the Court would have held the claim to be compensable as the Court does feel that there is substantial evidence in the record to support such a *94 finding; however, there is also substantial evidence in the record to support the findings of the Attorney Referee and the Commission and, therefore, the Court has no authority to substitute its opinion for that of the Commission.
After a careful reading of the record and briefs in this case, we are of the opinion it would serve no useful purpose to detail the evidence. It is sufficient to say that we are in accord with the findings and judgment of the circuit court. We find that the order of the commission is supported by substantial evidence and that the order does not contain prejudicial error. For this reason, this case must be and is affirmed.
Affirmed.
ETHRIDGE, C. J., and BRADY, ROBERTSON, and HARPER, JJ., concur.